**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL GARRISON,

        Plaintiff(s),        CASE NUMBER: 94-60293
                                    HONORABLE VICTORIA A. ROBERTS

v.

HANDLON MICHIGAN TRAINING UNIT,

        Defendant(s).
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Michael Garrison's ("Plaintiff") "Rule 60(b)(4) & (6) Motion for Relief from Judgment and for Immediate Consideration." (Doc. #5). Plaintiff asks the Court to vacate Judge George La Plata's "Order of Dismissal."

For the following reasons, the Court **DENIES** Plaintiff's motion.

**II.    BACKGROUND**

On November 10, 1994, Plaintiff, *in pro per*, filed a 42 U.S.C. §1983 action against the Handlon Michigan Training Unit ("HMTU"). Plaintiff alleges someone stole $52.00 in institutional tokens and a $23.00 cassette player from his locker while he was in school. He says the HMTU is responsible for the following reasons: (1) it did not sell locks in the prison store; (2) the lock on his cell door was insufficient; and (3) he could not lock the locker in his room.

Judge La Plata dismissed Plaintiff's Complaint as frivolous on March 8, 1995.

Plaintiff filed this motion on May 9, 2008.

## III. APPLICABLE LAW AND ANALYSIS

Plaintiff says his Complaint should have been filed in the Western District of Michigan because he resided in Ionia County, Michigan and the HMTU is located in Ionia, Michigan. According to Plaintiff, the case was not decided in the proper venue, and the Court did not have jurisdiction to dismiss his case.

"Subject-matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases[.]" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). It can never be waived. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). And, an objection on the grounds of lack of subject-matter jurisdiction can be raised at any stage in the litigation, including after the entry of judgment. *Id.* at 506. However, the Court had subject-matter jurisdiction over Plaintiff's claim; all federal courts are competent to adjudicate 42 U.S.C. §1983 claims because they present a federal question.

Conversely, a given district court may not be the proper venue for a 42 U.S.C. §1983 claim. But, improper venue does not deprive a court of jurisdiction. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (if the requirements of 28 U.S.C. §1391 are not satisfied, the district court is not deprived of jurisdiction). Judge La Plata's dismissal was proper.

## IV. CONCLUSION

Plaintiff's motion is **DENIED**.

**IT IS ORDERED.**

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: May 21, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 21, 2008.

s/Carol A. Pinegar
Deputy Clerk

---